## Sharon G. Pepin v. Joseph L. Poitras

[ 248 A.2d 719 ]

October Term, 1968

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed December 3, 1968

*Davis, Martin & Free* for the Plaintiff.

*Reginald T. Abare, Esq.,* for the Defendant.

**Shangraw, J.** On January 24, 1964 the plaintiff contracted to purchase a house in the City of Montpelier from the defendant at the agreed purchase price of $13,400.00. On February 6, 1964 the property was deeded by the defendant to the plaintiff. Plaintiff brought suit for a breach of the contract.

Trial was had by the Washington County Court. Findings of fact were filed and followed by a judgment in favor of the plaintiff to recover damages of $1,024.00 together with interest from November 1, 1964 in the amount of $260.03 plus taxable costs of $33.60, a total of $1,317.63. The defendant has appealed.

This controversy has developed by reason of certain provisions in the contract which read:

> "The seller also agrees that if any major water problem should arise regarding the spring under the cellar floor, he would do what is necessary to make the cellar usable for general use. This agreement is for two years from the date of purchase."

Following are, in substance, the essential findings. In the early spring of 1964, water appeared from one to two inches deep in the center of the cellar floor. Plaintiff attempted to notify defendant of this condition. The defendant was on vacation and could not be contacted by the plaintiff until his return some two weeks later. In the meantime the water condition had worsened.

The defendant came to the premises and used a "snake" in the cellar drain which ran to a sump and sump pump. He later put some sealer paint on the walls and on a portion of the cellar floor. This stopped water leakage from the walls, but not from the floor. He also brought in a dehumidifier which helped very little, and advised plaintiff

to vent her automatic dryer outside. She did so. The defendant took no further steps to remedy the condition.

Conditions continued to get worse. There was a spring under the cellar floor. The floor began to crack, heave and crumble. Dirt and water came in through the cracks. The deterioration of the floor was caused by hydrostatic pressure from the water beneath it, coupled with faulty and inadequate provision for draining this water.

In October of 1964, the plaintiff caused the condition to be inspected by Kenneth Baird, an experienced general contractor. He estimated the cost of work and material necessary to remedy the condition to be $1,024.00.

Plaintiff later placed the house on the market for sale. Prospective buyers were discouraged from purchasing by reason of the water condition in the cellar. During February, 1967, she sold the property to Donald Martin, an experienced civil engineer for $12,500.00. He caused the required repairs to be made. His out-of-the-pocket-cost for this remedial work was $800.00, plus his own supervision, establishment of grades, and related engineering.

Immediately following the estimate made by Mr. Baird to remedy the water condition, defendant was notified what was required to correct the water condition and cost thereof. The defendant neglected and refused to do what was necessary to make the cellar suitable for general use as agreed in the contract of sale and purchase. The trial court further determined that the reasonable cost of work and materials necessary to remedy the water condition to be $1,024.00.

■ The defendant first claims in his brief that the deed from the defendant to the plaintiff contained no conditions of any kind concerning the water, and for this reason the terms relating thereto in the contract for sale were nullified by the plaintiff's acceptance of an unconditional deed. Here, the findings demonstrate that the primary contract of sale was carried out by the subsequent conveyance of title to the plaintiff. There is nothing in the two contracts that is inconsistent or in conflict with each other. See *Thomas* v. *Johnson,* 108 Vt. 363, 367-368, 187 A. 375.

■ In referring to the purchase of the property by Mr. Martin for $12,500.00, the defendant further contends that a portion of Finding No. 11 which reads, "* * * a price reduced because of the apparent cellar condition" and to that part, "plus his own supervision, establishment of grades and related engineering," are conclusions unsupported

by any admissible evidence. The record reveals that prospective purchasers were reticent in purchasing this property by reason of the water condition in the cellar. This fact undoubtedly affected its resale value. Defendant gains nothing by this contention. This finding has adequate evidentiary support.

█ Defendant next complains that Finding No. 15, which reads that "Plaintiff is entitled to judgment against defendant in the amount of $1,024.00, plus interest from November 1, 1964, to date of judgment at six percent per annum and her taxable costs," is contrary to all of the evidence and is not supported by any evidence.

He also complains that the judgment is not supported by the evidence or by the Findings.

█ The record does not substantiate the above contentions of the defendant. There is ample evidence already recited in the opinion to support these findings and the judgment order. Findings must stand which are amply supported by the evidence in the transcript. *In re James Greenough,* 116 Vt. 277, 284, 75 A.2d 569; *Colby's Executor* v. *Poor,* 115 Vt. 147, 152, 55 A.2d 605. The judgment is well supported by the findings.

█ This action was commenced by writ dated January 31, 1967. The property was not sold by the plaintiff to Mr. Martin until February of the same year. Not having repaired the cellar before the sale to Mr. Martin, the defendant now claims that this sale amounted to a waiver and estoppel of any prior right which plaintiff may have had while she owned the property for damage occasioned by the water condition.

Neither waiver or estoppel were pleaded by the defendant as required by 12 V.S.A. §1024. Moreover, the defendant has failed to demonstrate, in brief or oral argument, how the doctrine of waiver and estoppel could have any application to the pleadings and findings presented to us by the record on appeal.

Defendant has advanced nothing that requires the overturning of the findings or the invalidating of the judgment.

*Judgment affirmed.*