**Barre Lodge #1535 Benevolent Protective Order of Elks and Newport Lodge #2155 Benevolent Protective Order of Elks v. State of Vermont, Lawrence A. Wright, Commissioner, Department of Taxes**

[296 A.2d 225]

No. 182-71

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed October 3, 1972

*McKee, Clewley & FitzPatrick,* Montpelier, for Plaintiff.

*James M. Jeffords,* Attorney General, and *George P. Stokes,* Assistant Attorney General. *Robert G. Lathrop,* Commissioner of Taxes (on the brief), for Defendant.

**Daley, J.** The plaintiffs brought a civil action in the Washington County Court seeking to recover monies from the defendants which they claimed were mistakenly paid to the defendants as a tax under 32 V.S.A. Chapter 233, entitled Sales and Use Tax. The trial court found in plaintiffs' favor and

rendered judgment against the State of Vermont. From the judgment, this defendant appeals to this Court.

The plaintiffs, who had been conducting bingo games within their respective lodge premises, were the subjects of a field audit by the Vermont Tax Department in the month of June, 1970. At this time the Department assessed a tax of three percent (3%) upon their gross receipts received from bingo games for the period June, 1969, through May, 1970, on the basis that such receipts were derived from amusement charges as defined in 32 V.S.A. § 9701(10) and (11);

> "(10) Amusement charges: means the admission charge (including any subsidiary, service or cover charge), to, and any charge for the use of any place of recreation or amusement including athletic events and facilities, exhibitions, dramatic and musical performances, motion picture theatres, golf courses and ski areas and including specifically service charges of cable television systems.
>
> (11) Place of amusement: means any place where any facilities for entertainment, recreation, amusement or sports are provided."

Plaintiffs paid the amounts assessed from their general funds, although they did not believe that their receipts came within the definition of "amusement charge". At the time of the audit, plaintiffs were told by a representative of the Tax Department to file monthly returns and remit each month a tax of three percent upon their receipts from bingo games. The plaintiffs complied with the request and paid to the State the required monthly amount. However, one of the plaintiffs raised the question of the receipts being subject to the sales tax by appeal to the Commissioner of Taxes.

In his determination of appeal dated February 22, 1971, the Commissioner of Taxes found that the plaintiffs' receipts from bingo games were derived from the purchase of bingo cards at a price fixed per card. He also found that persons were admitted without charge for the purpose of observing the bingo games. Having found as a fact that none of the receipts were from charges for admission to or use of a place of amusement, the Commissioner rescinded the assessments made by his Department and refunded to both plaintiffs the sums paid

by them as a tax during the period of June, 1969, through May, 1970.

Subsequently, the plaintiffs ceased making the monthly payments to the Tax Department and sought a refund for all monthly payments made from June, 1970.

In a letter to one of the plaintiffs dated June 14, 1971, the Tax Department stated that it was not authorized to make any refund until plaintiffs had satisfied the Commissioner that it had returned to the patron or customer the tax paid by him; the Department took the position in its letter that once the taxpayer such as the lodge had been put on notice that the Department believed that it had to collect the tax, then the amounts paid to the Department as a tax on bingo must be taken to have been collected from the bingo patrons, even though no explicit notice of this was given to them. Thereafter plaintiffs brought their action in the Washington County Court for such amounts claiming the same were being wrongfully withheld, having been erroneously paid.

The undisputed evidence before the trial court sustains its findings that no tax was separately stated and collected. All remittances to the Tax Department during the time which the plaintiffs wish to recover were paid from their respective general funds. The general funds were realized from the proceeds of the bingo games. These proceeds, in turn, were from the purchase of bingo cards by the players who were admitted to the premises without charge. Spectators entering the premises to observe the bingo games paid nothing.

The trial court concluded that the assessments were erroneous since the charge levied on customers by the plaintiffs was not a charge for admission to or use of the place of amusement within the statutory definition of 32 V.S.A. § 9701(10). Therefore, the transactions in question were not subject to the sales and use tax. The amusement charge taxed under 32 V.S.A. § 9701(10) is an ". . . admission charge to . . . and any charge for the use of any place of recreation or amusement . . . ." No such charge is here involved.

The defendant, State of Vermont, does not deny that plaintiffs were entitled to a refund but claims it is not authorized to grant it until the provisions of 32 V.S.A. § 9781 relating to customer repayment are complied with. However, the find-

ing by the trial court, amply supported by the evidence, was that no tax was paid by the customers.

. The State has not in the trial court and does not now take the position that a tax was owing on the receipts from the sale of bingo cards. The directives by the Tax Department to the plaintiff to remit monies in the form of a tax were based on a tax liability that is non-existent.

Therefore, the State is now holding monies of the plaintiffs which in justice and good conscience it should repay to them. These monies have come into the possession of the State under circumstances which make it unjust for the State to retain them. To allow the State to retain these monies would allow the State to be unjustly enriched at the expense of the plaintiff. See *Hagadorn* v. *Durgin & Browne, Inc.*, 130 Vt. 305, 292 A.2d 255, 257 (1972).

The findings of the trial court are supported by the evidence. The conclusions based on those findings are correct in law.

*Judgment affirmed.*