### Elisha Camp v. State of Vermont Department of Motor Vehicles

[310 A.2d 35]

No. 174-72

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed October 2, 1973

*Tony F. Kissell, Esq.,* Bellows Falls, and *Ralph Chapman, Esq.,* Brattleboro, on the brief, for Plaintiff.

*Kimberly B. Cheney,* Attorney General, and *Raymond L. Betts,* Assistant Attorney General, for Defendant.

**Daley, J.** This is an appeal from a judgment of the District Court of Vermont, Unit No. 6, Windham Circuit, awarding a refund of a portion of the motor vehicle purchase and use tax paid on the purchase price of a 1972 Cadillac automobile. This case was tried in the district court on a stipulated set of facts, which are essentially as follows:

On or about October 15, 1971, the plaintiff, a resident of Vermont, purchased a 1972 Cadillac automobile from an automobile dealer in Brattleboro, Vermont, for a cash difference of $4,335.00 plus his trade-in automobile. He then paid to the

defendant, State of Vermont Department of Motor Vehicles, a sum of $173.40 pursuant to 32 V.S.A. § 8903(a) which states:

> "There is hereby imposed upon the purchase in Vermont of a motor vehicle by a resident a tax at the time of such purchase, payable as hereinafter provided. The amount of the tax shall be four per cent of the taxable cost of the motor vehicle or $300.00 for each motor vehicle, whichever is smaller."

On January 20, 1972, the Revenue Act of 1971 became effective which provided for a refund of the federal excise tax imposed upon an automobile sold by a manufacturer. Section 401 of Public Law 92–178. This law retroactively applied to the federal excise tax imposed upon the plaintiff's 1972 Cadillac automobile. Pursuant to this law, the plaintiff received a refund of $408.05 from the manufacturer of his 1972 Cadillac automobile, an amount equal to the federal excise tax previously paid by the manufacturer.

After receiving this refund from the manufacturer, the plaintiff made a demand upon the defendant to refund $16.32 of the total amount of the motor vehicle purchase and use tax that he previously paid pursuant to 32 V.S.A. § 8903(a). He reasoned that the taxable cost of his 1972 Cadillac automobile should have been reduced by an amount equal to the refund that he received from the manufacturer. From this the plaintiff deduced that he was entitled to a refund from the defendant of an amount equal to four per cent of the amount of the refund that he received from the manufacturer. The defendant refused to make payment on this demand, and the plaintiff filed a complaint against the defendant initiating this action.

The district court, before which this case was tried, agreed with the theory propounded by the plaintiff, and ordered judgment for the plaintiff in the amount of $16.32, together with costs. From this judgment, the defendant appeals to this Court.

In order to determine the validity of the plaintiff's theory and the judgment of the district court, we must first examine the statutory scheme of the motor vehicle purchase and use tax found in 32 V.S.A. chapter 219. 32 V.S.A. § 8903(a) provides that the four per cent tax is imposed upon the "taxable

cost" of the automobile in question. The term "taxable cost" is defined in 32 V.S.A. § 8902(5) as:

> "[T]he purchase price for a motor vehicle purchased . . . less (A) the value allowed by the seller on any motor vehicle accepted by him as part of the consideration of the motor vehicle . . . ."

Turning again to 32 V.S.A. § 8902, we find the term "purchase price" defined in subsection 4 as:

> "[T]he gross consideration, exclusive of the tax hereby imposed, which is to be paid for the motor vehicle, expressed in terms of United States currency *as of the time of the sale* . . . ." (Emphasis added.)

Taxation statutes, as all other legislative enactments, are to be construed to ascertain and give effect to the intention of the legislature. *Swanton Village* v. *Town of Highgate,* 131 Vt. 318, 305 A.2d 586, 588 (1973). The plain, ordinary meaning of the language of a statute is presumed to be intended; and where the meaning is plain, the courts must enforce the statute according to its terms. *Medlar* v. *Aetna Insurance Co.,* 127 Vt. 337, 342, 248 A.2d 740 (1968).

Reading 32 V.S.A. §§ 8902(4) and (5) and 8903(a) *in pari materia,* it can clearly be seen that the "taxable cost" of an automobile is to be determined "as of the time of the sale." For a definition of the word "sale" we turn to Article 2 of the Uniform Commercial Code, which has been held to apply to transactions involving motor vehicles. 1 R. Anderson, Uniform Commercial Code § 2—105: 5 (2d ed. 1970). See also, e.g., *Tracy* v. *Vinton Motors, Inc.,* 130 Vt. 512, 296 A.2d 269 (1972). "A 'sale' consists in the passing of title from the seller to the buyer for a price . . . ." 9A V.S.A. § 2—106.

The time that title of the 1972 Cadillac automobile passed to the plaintiff for the price of $4,335.00 was on or about October 15, 1971. At that time, under 32 V.S.A. chapter 219, the taxable cost of the automobile was determined for the purpose of imposition of the motor vehicle purchase and use tax. We cannot find any basis for the plaintiff's theory and the judgment of the district court within the limits of 32 V.S.A. chapter 219 that the taxable cost of the plaintiff's automobile is to be determined at some point in time subse-

quent to the time of sale when he received a refund in an amount equal to the federal excise tax refunded to the manufacturer of his automobile. Furthermore, the Revenue Act of 1971, pursuant to which this refund was made, was not even in effect at the fixed point in time when 32 V.S.A. chapter 219 required the motor vehicle purchase and use tax to be imposed upon the purchase price of the plaintiff's 1972 Cadillac automobile.

The plaintiff argues that the retention by the defendant of monies paid in excess of the actual purchase price of the plaintiff's automobile is inequitable and unjust; citing *Barre Lodge #1535 B.P.O.E.* v. *State,* 130 Vt. 479, 296 A.2d 225 (1972). However, in the *Barre Lodge* case, this Court affirmed a judgment ordering the refund of monies held by the commissioner of taxes paid under an assessment of a tax liability that, in fact, never existed. Here there is neither allegation nor proof that the motor vehicle purchase and use tax that was imposed upon the plaintiff's 1972 Cadillac automobile was a non-existent tax liability. Hence, the holding in the *Barre Lodge* case is not applicable to the facts here presented.

The plaintiff also asserts that since the legal points presented to this Court by the defendant were not presented to the district court, they cannot be raised here. However, the crux of the defendant's argument is against the construction placed upon 32 V.S.A. § 8903 (a) by the district court. Here, the meaning of 32 V.S.A. § 8903 (a), read *in pari materia* with 32 V.S.A. § 8902 subsections (4) and (5), was plain, and the district court was required to enforce it according to its terms. The failure to do so constitutes reversible error. *Swanton Village* v. *Town of Highgate, supra,* 305 A.2d at 590.

*Judgment reversed.*