## Don Lloyd Builders, Inc. v. Robert W. Paltrow, Evelyn Paltrow, and Edward and Nancy Carter, Trustees

[330 A.2d 82]

No. 226-73

Present: Barney, C.J., Smith, Keyser and Daley, JJ., and Shangraw, C.J. (Ret.)

Opinion Filed December 3, 1974

*Thomas M. French, Esq.* and *Edward A. John, Esq.*, Brattleboro, for Plaintiff.

*Philip R. Rosi, Esq.*, of *Kristensen, Cummings & Price*, Brattleboro, for Defendants.

**Barney, C.J.** The plaintiff brought suit to recover from the defendants its reasonable costs in partially completing a recreational home in Dover, Vermont. An oral construction agreement came to an end when a dispute arose between the parties. The lower court allowed recovery in the amount of $3,909.66, after determining the value of the materials and labor furnished and giving the defendants credits for certain payments.

The sole issue of this appeal relates to the court's determination of certain allowable labor charges as being $4,780.00, based on evidence the defendants assert was improper. They assign as the supporting law for their objection the so-called "best evidence" rule. This is the rule referred to in *Lavalette* v. *Noyes*, 124 Vt. 353, 355, 205 A.2d 413 (1964), where it is described that the rule requiring production of an original document established the provisions it contains, but does not exclude evidence not aimed at the contents of an instrument. It is a rule of preference, relating to written documents, allowing introduction of other evidence of a document's terms where the absence or unavailability of the original is satisfactorily accounted for.

In the present case, the writings involved were timesheets and payroll records for the plaintiff's employees during the period the defendants' house was being constructed. The plaintiff was working on two other construction projects at the same time, and the records did not distinguish the jobs to which the labor time should be charged. As a consequence, the plaintiff's president, after consultation with the foreman, who also testified, gave his testimony as to the labor costs allocable to the building for which recovery is sought. It was to this evidentiary situation that the objection based on the "best evidence" rule was directed.

In this context, the lower court correctly found that the rule had no application. The exact language or even the particular content of the assorted payroll records and time-slips did not define the obligation between the parties and so the preferential rule would not operate to bar evidence deriving from some of the computations those papers contained. The claim of the defendants is the reverse of the one usually made, since direct testimony from witnesses was formerly required in lieu of business records supporting a claim. When admitted, these records were viewed as a special exception to the rules of testimonial preference and now may be received by force of statute. 12 V.S.A. § 1700. Oral evidence is not thereby precluded. In situations where the obligation is not created by the writings involved the parol evidence rule does not apply, and the oral testimony is submissible as of course. See *Popper* v. *Levy*, 125 Vt. 281, 286, 214 A.2d 653 (1965); *Chappell* v. *Northern Realty, Inc.*, 128 Vt. 476, 479, 266 A.2d 453 (1970). Further demonstration that the rule is not intended as an exclusionary one is found in the exception relating to voluminous papers, which also supports the result reached here. *Capital Garage* v. *Powell*, 99 Vt. 12, 16 (1925).

Since the oral testimony was properly in the case, its weight and sufficiency were properly for the trier of fact. V.R.C.P. 52; *Green Mountain Marble* v. *Highway Board*, 130 Vt. 455, 457, 296 A.2d 198 (1972). Part of the duty of determining the weight of that testimony includes the evaluation of the effect of failing to produce evidence. This is part of the function of a trier of fact, into which, in the presence of supporting evidence, this Court will not intrude. The existence of competent evidence sustaining the findings disposes of the remaining issues raised, and no error appears. *Coolidge* v. *Coolidge*, 130 Vt. 132, 135, 287 A.2d 566 (1971).

*Judgment affirmed.*