## City of St. Albans v. Leroy and Anne Goodrich

[373 A.2d 549]

No. 151-76

Present: **Barney, C.J., Daley, Larrow, Billings, and Hill, JJ.**

Opinion Filed April 5, 1977

*C.N. Monaghan,* St. Albans, for Plaintiff.

*David M. Yarnell* of *Kissane and Heald Associates,* St. Albans, for Defendant.

**Barney, C.J.** This suit began as an action to collect delinquent taxes under 32 V.S.A. § 5061(b). This statute provides for the foreclosure of a tax lien in the same manner as a foreclosure of a

real estate mortgage. Confronted by this action, the defendants made an offer of judgment as authorized by V.R.C.P. 68. In that offer they agreed to pay the overdue taxes plus legal interest and penalties, the costs for filing fees and sheriff's service fees, all amounting to $349.87, plus reasonable attorney's fees to be determined by the court upon hearing.

Such a hearing was held. The plaintiff sought $400.00 in attorney's fees. The defendants introduced testimony on the issue of the level of reasonableness of fees in such cases, and the trial court found $150.00 to be reasonable in this litigation. The plaintiff appealed.

■ The defendants contend that the plaintiff cannot appeal without the provision required by 12 V.S.A. § 4601. If the appeal is attempted before the final decree called for in 32 V.S.A. § 5061, the provisions of V.R.A.P. 5(b)(1) are also involved. *Adams* v. *Wright*, 133 Vt. 481, 346 A.2d 217 (1975).

But here the judgment, which is the operative concern under 12 V.S.A. § 4601, is not for the foreclosure of any mortgage. Also, the effect of this judgment is to end the litigation, so it is final and not interlocutory. See *Beam* v. *Fish*, 105 Vt. 96, 97-98, 163 A. 591 (1933). In such circumstances, the notice of appeal is sufficient to bring the matter here. V.R.A.P. 3(a).

■ 32 V.S.A. § 5061(b) provides that a reasonable attorney's fee be allowed in a foreclosure decree rendered under that section. Although the result of this action under that statute was a money judgment in settlement of the tax liability rather than a foreclosure, the defendants' motion for judgment tendered an agreement to pay reasonable attorney's fees, and the trial court incorporated that offer into the judgment, as it could properly do.

Thus, the only remaining question is whether or not the lower court properly adjudicated the reasonableness of the fees to be allowed. We find that it did. The efforts of the attorney did not reach the full measure of the procedures that could ultimately result in the appointing of a commissioner, sale of the premises, executing conveyances, and distributing proceeds. Indeed, there was not even a contested hearing as to most of the amounts due. As has been noted, the defendants also presented expert evidence on the issue of the reasonable worth of the services actually performed. All this was for the lower court to take into account in determining the reasonable fee, and it appears that it did so.

Since there was evidence before it supporting its finding, that decision will not be disturbed here. *Don Lloyd Builders, Inc.* v. *Paltrow*, 133 Vt. 79, 81, 330 A.2d 82 (1974).

*Judgment affirmed.*