## Vermont National Bank v. Dean A. King, et al.

[382 A.2d 210]

No. 51-77

Present: Barney, C.J., Daley, Larrow, Billings, and Hill, JJ.

Opinion Filed December 6, 1977

*Pope & Pu,* Brattleboro, for Plaintiff.

*David L. Cleary* of *Richard E. Davis Associates, Inc.,* Barre, for Defendants.

**Per Curiam.** This is a suit on a promissory note in which summary judgment was awarded the plaintiff. The only dispute remaining is the issue of reasonable attorneys' fees.

The original request, supported by affidavit, was found unreasonable and denied. A new request was then filed for a lesser amount, supported by an affidavit reciting the hours spent on the case.

The matter was contested and came on for hearing before the Washington Superior Court. The burden was on the plaintiff to provide evidence of its services and the value of them

where, as here, the trial court was being asked to adjudicate the matter. *Young* v. *Northern Terminals, Inc.*, 132 Vt. 125, 130, 315 A.2d 469 (1974). The determination of reasonable attorneys' fees is, in the usual case, a factual question. *City of St. Albans* v. *Goodrich*, 135 Vt. 241, 373 A.2d 549, 550 (1977); *Platt* v. *Shields*, 96 Vt. 257, 269, 119 A. 520 (1923).

The plaintiff put in no evidence, but relied on an affidavit from its attorney, who did not take the stand but did make an argument to the court on the issue of fees. The only testimony in the case came from the only witness, an attorney improved as an expert by the defendants.

■ The trial court made findings and determined that the fee claimed was reasonable. The court's findings as to time spent and as to usual collection fee practice in Vermont were not derived from the testimony before it, but were in conflict with it. If the court was operating on a theory of judicial notice of any of these things, it was in error since controverted facts, not matters of common knowledge, were involved. *State* v. *Martel*, 122 Vt. 491, 493-94, 177 A.2d 236 (1962); *Stone* v. *Wood*, 104 Vt. 105, 108, 157 A. 829 (1932).

■ Nor was it proper to use the affidavit in place of testimony on contested evidentiary matters. Our rules authorize affidavits for aspects of motion practice, or to supplement pleadings. But where the proceedings result in the determination of a money judgment and are contested, as here, the provisions of V.R.C.P. 43(e) are not applicable. This is so even though the operative document may be labeled a "motion."

The contention of the defendants that the findings are not supported by the evidence, and that the judgment is left without foundation is sound. The matter must be remanded for an evidentiary hearing and new findings and judgment founded thereon.

*Judgment reversed and cause remanded.*