RAB Performance Recoveries v. Swanson, No. S2171-09 CnSc (Toor, J., Oct. 20, 2010)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

VERMONT SUPERIOR COURT
CHITTENDEN UNIT
CIVIL DIVISION

RAB PERFORMANCE RECOVERIES
  Plaintiff

  v.

MELISSA L. SWANSON
  Defendant

Docket No. S2171-09 CnSc

RULING ON ORAL MOTION FOR DEFAULT

This small claims case was set for hearing before the undersigned on May 4, 2010. Plaintiff's counsel appeared without any witnesses. Defendant did not appear and no counsel appeared for him. Plaintiff requested that the court enter a default judgment for plaintiff at the time of trial based upon Defendant's failure to appear, saying that is the usual practice in Small Claims Court. The court indicated that it would consider the request and issue a written decision. Having considered the issues, the court issued an order to show cause why the case should not be dismissed for Plaintiff's failure to appear with witnesses at the time of trial. The court's analysis appears in that order, issued May 12, 2010. Familiarity with that order is presumed here.

In response to the show cause order, Plaintiff has submitted a two page memorandum. Plaintiff argues that this was a Small Claims Court case, in which the Rules of Evidence do not apply when the trial is by court rather than jury. Thus, it concludes, documentary evidence alone, as opposed to live witnesses, is sufficient to establish Plaintiff's case. Therefore, Plaintiff argues, even though only counsel appeared for trial and no witness was present, Plaintiff was ready for trial and could have put on its case without any witnesses.

Analysis

The Small Claims rules state that when the trial is by court, "evidence is admissible if it is of a type commonly relied upon by reasonably prudent persons in the conduct of their affairs, and the Vermont Rules of Evidence are inapplicable except for the rules respecting privilege." V.R.S.C.P. 6(b). This is what Plaintiff relies upon for its argument that its case can be proved at trial by documents without a witness, and that it was therefore ready to go to trial when scheduled.

To accept this argument, the court would also have to accept that if Defendant has appeared for trial, trial could have proceeded based solely upon the documents presented by Plaintiff, without any witness. However, for several reasons the court rejects such an argument.

First, the Small Claims rules themselves state as follows: "All witnesses will testify under oath and will be examined by the judge with the objective of laying out the evidence …" Id. 6(a). It is clearly contemplated that witnesses will appear.

Second, the Small Claims Rules state: "When matters arise that are  not covered by these rules, the court will proceed by analogy to any applicable provision of the Vermont Rules of Civil Procedure that is consistent with these rules and with the objective of securing a simple, informal and inexpensive disposition of the claim." V.R.S.C.P. 13. The analogous rule here is Rule 43 of the Rules of Civil Procedure. It states that "[i]n all trials the testimony of witnesses shall be taken orally in open court, unless otherwise provided by these rules, the Vermont Rules of Evidence, or other rules adopted by the Supreme Court." V.R.C.P. 43(a).[1] "'[O]rally in open court' means that a

---

[1] Although Plaintiff has not raised this argument, it could be argued that Rule 43 does not apply  in Small Claims cases. Rule 1 of the Small Claims Rules states that those rules "are the only procedural rules governing such actions except to the extent that other rules are expressly adopted by reference." V.R.S.C.R.

witness testifying in a case must be present in court so that the trier of fact may observe the demeanor of the witness." Simpson v. Rood, 2003 VT 39, ¶ 8, 175 Vt. 546 (quotation omitted). "In terms of the presentation of oral testimony in civil cases, Rule 43(a) leaves nothing to the court's discretion in the absence of agreement by the parties to allow testimony in a different form." Id. ¶ 9. "Historical experience has taught us that testimonial evidence has the highest reliability because the credibility of the witness can be evaluated, and the factual issues narrowed by cross-examination." Id. ¶ 12 (quotation omitted). Thus, in Simpson, the court held that allowing telephone testimony without the other side's consent mandated reversal, because of the importance of having the witness present in person in the courtroom.

Here, even less than telephone testimony was proffered: merely an affidavit. The Vermont Supreme Court has expressly rejected such a proffer as adequate. In Vermont National Bank v. King, 135 Vt. 551 (1977), a hearing was held regarding attorney's fees. The party seeking fees submitted an affidavit but offered no live testimony. The Supreme Court reversed the award of fees, stating that it was not "proper to use the affidavit in place of live testimony on contested evidentiary matters." Id. at 552. The Court noted that the rules permit affidavits "for aspects of motion practice, or to supplement pleadings, "but not for use at trial as a substitute for live testimony. Id.

Even if Rule 43 were not applicable here, the court would nonetheless conclude that an affidavit is an inadequate and unacceptable substitute for live testimony. The very idea of a trial in this country is a proceeding in which witnesses appear to testify. This is

---

1. This is somewhat inconsistent with Rule 13, which directs courts to proceed by analogy to the Civil Rules. The court concludes that to give meaning to both rules, the only reasonable interpretation is that judges must decide whether there is a gap in the Small Claims Rules that needs to be filled in by analogy to the Civil Rules. In this case, either the requirement in Small Claims Rule 6(a) that all witnesses must testify under oath and be questioned by the judge answers the question, or reference to Rule 43 of the Civil Rules is necessary to clarify it. In either case, Rule 1 certainly does not bar reference to V.R.C.P. 43.

not merely a rule of evidence, it is a bedrock of our legal system. "It is only when the *witnesses are present and subject to cross-examination* that their credibility and the weight to be given their testimony can be appraised. Trial by affidavit is no substitute for trial by jury which so long has been the hallmark of even handed justice." Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 473 (1962) (internal quotation omitted; emphasis added). "The right to *confront, cross-examine and impeach adverse witnesses* is one of the most fundamental rights sought to be preserved by the Seventh Amendment provision for jury trials in civil cases. The advantages of trial before a live jury with live witnesses, and all the possibilities of considering the human factors, should not be eliminated by substituting trial by affidavit . . ." Adickes v. S. H. Kress & Co., 398 U.S. 144, 176 (1970) (Black, J., concurring)(emphasis added). *See also*, State v. Cameron, 168 Vt. 421,426 (1998)(citing "the belief that it is more difficult to lie about a person in the person's presence" as one of the reasons behind the right to confront witnesses in criminal cases).

Although this case relates to a bench trial rather than a jury trial, the same principles hold true. A litigant in the United States of America is entitled to question the witnesses against him, and the fact that she is sued in Small Claims Court does not diminish this fundamental right. As the United States Supreme Court has said:

> The perception that confrontation is essential to fairness has persisted over the centuries because there is much truth to it. A witness may feel quite differently when he has to repeat his story looking at the man whom he will harm greatly by distorting or mistaking the facts. He can now understand what sort of human being that man is. It is always more difficult to tell a lie about a person "to his face" than "behind his back." In the former context, even if the lie is told, it will often be told less convincingly.

4

Coy v. Iowa, 487 U.S. 1012, 1019 (1988)(internal quotations omitted). "The integrity of the factfinding process at trial is undermined where the parties do not have the opportunity to confront each other or the witnesses, where the finder of fact does not have the opportunity to observe the parties and the witnesses and where the opposing party cannot effectively cross-examine the other party or the witnesses." Bonamarte v. Bonamarte, 866 P. 2d 1132, 1135 (Mont. 1994). "Cross examination is the principal means by which the believability of a witness and the truth of his testimony are tested." Mayes v. Sowders, 621 F.2d 850, 855 (6th Cir. 1980).

Although "the right to confront and cross-examine his accusers" is not a constitutional right in civil cases, "nonetheless . . . such right is implicit in our historical concepts of due process and of fair trial[.]" Durant v. Stahlin, 135 N.W. 2d 392, 649 (Mich. 1965) (Souris, J., concurring). "A witness may convince all who hear him testify that he is disingenuous and untruthful, and yet his testimony, when read, may convey a most favorable impression." Untermyer v. Freund, 37 F. 342, 343 (2d Cir. 1889), *abrogated on other grounds*, Heyman v. Commerce and Industry Ins. Co., 524 F. 2d 1317, 1319 (2d Cir. 1975). *See also*, Town of Geneva v. Tills, 384 N.W.2d 701, 706 (Wis. 1986) (referring to the "common law right to have a meaningful cross-examination"); 5 Wigmore On Evidence, § 1367, p. 32 (Chadbourn rev. 1974), *quoted in* Tills, 384 N.W.2d at 706 ("For two centuries past, the policy of the Anglo-American system of evidence has been to regard the necessity of testing by cross-examination as a vital feature of the law. . . "[I]t is beyond any doubt the greatest legal engine ever invented for the discovery of truth. . . If we omit political considerations of broader range, then cross-examination, not trial by jury, is the great and permanent contribution of the Anglo-American system of law to improved methods of trial procedure").

It is true that even in criminal cases the right to confront witnesses can be overridden by other policy considerations. *See, e.g.*, State v. Lipka, 174 Vt. 377, 383 (2002) (addressing restrictions on the testimony of a child in a sexual abuse trial); Maryland v. Craig, 497 U.S. 836 (1990)(same). Likewise, there are numerous matters that are admissible in criminal and civil cases without a live witness because, for example, they come within express exceptions to the hearsay rule. However, no overriding policy considerations justify dispensing altogether with live testimony in favor of written affidavits in all Small Claims Court proceedings.

The small claims process is designed for the "simple, informal and inexpensive" resolution of disputes. V.R.S.C.P. 1. Certainly, small claims trials would be simpler and faster without witnesses. That would also be true if we dispensed with trials altogether and ruled based solely on how well the complaint was written, or on what the judge thought of the lawyer's outfit, or if we made the parties play "rock/scissor/paper" to decide their dispute. None of these, however, would provide the reasoned and thoughtful justice that is the overriding goal of our system of law. Nor would a trial without witnesses.

Order

This case is dismissed with prejudice for plaintiff's failure to appear with witnesses at the time of trial.

Dated at Burlington this 20th day of October, 2010.

_____
Helen M. Toor
Superior Court Judge