PEOPLE *v.* MARTIN.

1. INTOXICATING LIQUORS—TRANSPORTING STILL—STATUTES.
    Conveying a still from a farm·to a city by a dray is an offense under Act No. 318, Pub. Acts 1921, amending the general prohibition law, although the one conveying it was the owner; the statute not contemplating that one must sell and furnish and transport to be guilty.[1]

2. STATUTES—CONSTITUTIONAL LAW—TITLE OF ACT.
    Act No. 318, Pub. Acts 1921, amending Act No. 338, Pub. Acts 1917, making it an offense to furnish or transport apparatus for unlawfully manufacturing intoxicating liquors, is not open to the objection that it is unconstitutional because of defective title (Const., art. 5, § 21), since its pro-

---

[1]Intoxicating Liquors, 33 C. J. § 234 (Anno).

visions are clearly germane to the object expressed in the title of the amended act.[2]

3. INTOXICATING LIQUORS—TRANSPORTING STILL—CRIMINAL LAW.
The offense of illegally transporting a still under said act was complete, although the one transporting it was arrested before reaching his destination.[3]

4. CRIMINAL LAW—PRIMA FACIE CASE.
Where the people's testimony made a *prima facie* case as prescribed by the statute (Act No. 318, Pub. Acts 1921), and there was no other testimony, the Supreme Court will not discuss the question of weighing evidence against presumptions.[4]

Exceptions before judgment from Otsego; Smith (Guy E.), J. Submitted April 15, 1926. (Docket No. 139.) Decided June 7, 1926.

Harry Martin was convicted of violating the liquor law. Affirmed.

*H. E. Wellman,* for appellant.

*Andrew B. Dougherty,* Attorney General, and *Elmer G. Smith,* Prosecuting Attorney, for the people.

FELLOWS, J. The testimony introduced by the prosecution, and none was offered by defendant, tended to show that defendant employed a drayman to haul some barrels for him from his uncle's farm some distance out of Gaylord to his home in that city. They went out to the uncle's place in the late afternoon. The testimony tends to show that without the knowledge of the drayman defendant placed on the dray a still commonly used to distill intoxicating liquors. On the way back they were intercepted by the officers, the still found and defendant placed under arrest. No question is raised as to the validity of the search or the arrest. Defendant was informed against for transporting the still in violation of the provisions of

[2]Statutes, 36 Cyc. p. 1059; [3]Intoxicating Liquors, 33 C. J. § 234 (Anno); [4]Criminal Law, 17 C. J. § 3593 (Anno).

Act No. 318, Pub. Acts 1921 (Comp. Laws Supp. 1922, § 7079 [57]), which reads as follows:

"It shall be unlawful to furnish, transport, or bring into this State, or sell any still or brewing apparatus, in whole or in part, to any person for the purpose of unlawfully manufacturing intoxicating liquors or under such circumstances that the furnisher or seller might reasonably deduce the intention of the receiver or purchaser to use or resell such still or brewing apparatus for the unlawful manufacture of intoxicating liquor. Absence of proof that such receiver or purchaser possesses a permit from the proper authorities of the State of Michigan or of the United States, to manufacture intoxicating liquor shall be *prima facie* proof that the seller or furnisher might reasonably deduce that such still or brewing apparatus is to be used for the unlawful manufacture of intoxicating liquor."

It is insisted that to constitute the offense under this statute as properly and grammatically construed there must be two active agents, and inasmuch as defendant was taking his own property from one place to another, and he was both consignor and consignee, the information charged no offense, the proof established none, and his motion to quash the information and one for a directed verdict should have been granted.    If the statute only inhibited a sale there would be much force in defendant's contention.    To constitute a sale two active agents are necessary: the seller and the purchaser.    Likewise there would be force in the contention if the statute only inhibited the furnishing, where one furnishes to another the prohibited article.    But the statute went further and inhibited the transportation of apparatus used or usable in the unlawful manufacturing of intoxicating liquors.    An article may be transported when the consignor and consignee are one and the same person; it is as much transportation as where "A" is the consignor and "B" the consignee.    Millions of dollars worth of property  are annually transported in State

and interstate commerce where the consignor and consignee are the same person. We must assume the legislature used the word "transport" advisedly and with its commonly accepted meaning. As commonly understood defendant was "transporting" the inhibited article when he was conveying it from one place to another. The statute does not contemplate that one must sell and furnish and transport to be guilty. In doing any one of these three things, he is guilty of a violation of the act. Any other construction of the act would make it most easy of circumvention.

It is next insisted that the act is unconstitutional because of defective title (Constitution, art. 5, § 21). The act is an amendment to the general prohibition law (Act No. 338, Pub. Acts 1917), and its provisions are clearly germane to the object expressed in the title to that act. It is, therefore, not subject to this objection. See *Westgate* v. *Township of Adrian*, 161 Mich. 333, and authorities there cited.

It is further urged that defendant could not be convicted in any event beyond an attempt and not for a violation of the law. It is true the trip had not been completed. But the act of transporting had been commenced and was in progress when interrupted by the officers; defendant and his drayman had traversed several miles in transporting the inhibited apparatus and the statute takes no account of the distance traveled or whether the trip planned has been completed or abandoned. Transporting either for a long or a short distance falls under its ban.

It will be noted that the statute prescribes a rule of evidence and provides what shall make a *prima facie* case. The people's testimony made such a case and as there was no other testimony, we do not need to discuss the question of weighing evidence against presumptions, which question is not before us on this record. The charge fairly submitted the case to the

jury. Taken as a whole, as it must be, there is nothing in it of which defendant may properly complain, nor was the refusal to give defendant's requests error.

Defendant's exceptions are overruled and the case remanded for judgment.

BIRD, C. J., and SHARPE, SNOW, STEERE, WIEST, CLARK, and MCDONALD, JJ., concurred.