### Helen M. Wacker v. Theodore A. Wacker.
#### May Term, 1946.

Present: Moulton, C. J., Sherburne and Sturtevant, JJ., and Cleary, Supr. J.

Opinion filed October 1, 1946.

*Lawrence & O'Brien* for the petitionee.

*Franklin P. Jones* and *Asa S. Bloomer* for the petitioner.

Sturtevant, J. This is a petition for absolute divorce brought by Helen M. Wacker against Theodore A. Wacker on the ground of adultery. The court below, after full hearing, made and filed findings of fact and made its decree granting a bill of divorce to the petitioner and disposing of the property, real and personal, owned by the parties as tenants by entirety. The petitioner brings the case here on one exception which has to do with the disposition of the property as made in the decree.

There is little, if any, dispute as to the facts here material and also the parties agree that the court had wide discretion in making the property settlement and that unless that discretion has been withheld or abused by the court, the decree as made must stand. *Shaw* v. *Shaw,* 99 Vt 356, 357, 358, 133 A 248.

So far as here material, P. L. 3162 provides that: "In granting . . . , an absolute divorce . . . , the court upon petition of either party, shall decree such disposition of the property owned by the parties . . . by the entirety, as shall appear just and equitable, having regard to the respective merits of the parties, to the condition in which they shall be left by such divorce, to the party through whom the property was acquired. . . ."

The following material facts on this issue as found by the court are not in dispute. The parties were married October 12, 1938.

At that time the petitioner was forty years of age and the petitionee was thirty-seven. In December, 1941, they moved to a farm in Shaftsbury which they had previously purchased and continued to live there until September 6, 1944, when the petitionee left home because of some argument between them. Both parties have been residents of Bennington County since Dcember, 1941. They have not lived together as husband and wife since the petitionee left home September 6, 1944. Title to the farm was taken in the names of both parties as was also title to live stock and a large amount of machinery and other farm equipment purchased by them. The purchase price of the farm was $9,500.00 and this was paid with money furnished by the petitioner. She also paid for extensive repairs on the farm and for the machinery and other farm equipment with her money. The sum so expended was in excess of $50,000.00. The petitionee had charge of the management of the farm, including the making of the improvements, and the buying and selling pertaining to the farm, while the parties lived there. During that period he worked there steadily, some of the time having two hired men, some of the time one and at other times he was without a hired man, but did what work he could himself. While some stock and produce was raised on the farm, from the figures introduced in evidence, the farm venture does not appear to have been a financial success. However the work done by the petitionee there on the farm was such that at that time the petitioner had complete confidence in his management and control of the business. The act of adultery on which the divorce was granted was committed in Boston, Mass. on the night of February 10, 1945, with a woman named in the petition. While the parties were living together on the farm, the petitionee had charge of a bank account which some of the time was kept in his name and some of the time it was in the names of both the parties. The petitionee drew and took with him the entire amount remaining in the bank on this account when he left home in September, 1944, that amount being $274.00. When the farm business did not furnish the money to keep this account good at the bank, the petitioner always furnished the needed cash for such purpose.

The ultimate finding excepted to by the petitioner is finding No. 25 and is: "We find that a fair, just and equitable recompense

to the petitionee for his interest in and contribution to said property held by the parties as an estate by entirety is $3,000.00." The decree gives all of the property real and personal to the petitioner and orders her to pay to the petitionee the sum of $3,000.00. To that part of the decree ordering such payment the petitioner also excepted. When considered in connection with the fact that at the time of the decree, through the generous treatment of the petitioner, the petitionee was a tenant by entirety in real and personal property which within the four preceding years had cost about $60,000.00 and the fact that he had given about two and three fourths years of service in working on and managing this property and also that these services were of a quality that caused the petitioner to have complete confidence in his management of the farm business; the order decreeing the real and personal property to the petitioner and directing her to pay to him $3,000.00 does not show, as a matter of law, that the court below either refused to exercise its discretion or abused it.

*Decree affirmed.*