### Truda Wetmore v. Lloyd Wetmore

[285 A.2d 711]

No. 24-71

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed December 7, 1971

*Bloomer & Bloomer*, Rutland, for Plaintiff.

*Conley & Foote*, Middlebury, for Defendant.

**Barney, J.** Over the objection of the libellant, the trial court ordered this divorce on for hearing simultaneously with the libellee's petition to amend the temporary order. The matter had been pending over a year and the libellee urged that it be disposed of. The trial court made findings and issued a judgment order granting the libellant a divorce on the grounds of intolerable severity. She received custody of the three minor children and a share of the real estate holdings of the parties as well as a support order of fifty dollars a week. The libellee alleges that the findings do not support the decree of divorce, and faults the court for failing to separately deal with the issue of his petition relating to the temporary order and for what he claims is an abuse of discretion in the visitation rights granted in the decree.

The trial court made findings indicating that the libellant's health was seriously affected by the libellee's treatment of her to the point of attempted suicide, and her condition required medical attention and medication. The court concluded that her physical and mental well-being were threatened to the point of imminent danger.

The findings summarize this treatment as including intimacy with another woman, frequent and prolonged unexplained absences from home, and a rejection of the libellant, including the statement that he no longer loved her. All of these findings derive from controverted testimony in a strongly contested case. The quantity of testimony about this aspect of the marital difficulties was not great, but the facts found by the trial court are to be found in it. As has been so many times said, such findings must stand if they have evidentiary support. *Tucker* v. *Tucker*, 127 Vt. 252, 254, 246 A. 707 (1968).

The findings themselves do sufficiently establish the legal measure of intolerable severity. The test of actions aggravated enough to threaten the health of the libellant to the point of "present and imminent danger", set out in *Winslow*

v. *Winslow*, 127 Vt. 428, 431, 251 A. 419 (1969), is expressly met in the findings.

The libellee is concerned because the issues connected with his petition to revise the temporary order were not dealt with. We view those issues as merged with the disposition of the case on its merits, since the property, support money and custodial rights are all fully dealt with. To move in and settle the relationships of the parties was proper and desirable. See *LaVoice* v. *LaVoice*, 125 Vt. 236, 238, 214 A. 53 (1965). The libelee welcomed this procedure, even though the libellant objected to it. The issuance of the new order supersedes the requirements of the temporary order, and, with both sides raising issues of performance under the temporary order, we must assume that the trial court adjudged that the best interests of all concerned was to leave the parties as they were as to past performance, and let the new order set the standard for future conduct. If the visitation rights now given are not, in good faith, complied with, the libellee can then seek appropriate relief.

These visitation rights, along with the property disposition, are the subject of the libellee's remaining concern. In effect, the libellee says that the order for support and the limited visitation rights are grossly inequitable. The order of support of fifty dollars per week for three children all under ten years of age is certainly not unreasonable, and, under the evidence it is not out of the reach of the libellee, even though burdensome.

Some suggestion has been raised that joint tenancy with survivorship applies to the right of way in the disposition of the real estate. We do not so construe the language of the decree, but if the parties are uncertain, the decree ought to be amended to make clear that the contemplated tenancy in common is so recorded.

The visitation rights of the libellee allow him to visit the children and have them with him in the state of Vermont each Sunday from one to five in the afternoon. He is required to give notice of his intention to exercise these rights twenty-four hours in advance of their exercise. His disappointment is with his inability to have them with him for some overnight visits or during some holiday periods.

Many concerns, remarked in the findings, suggest reasons for the court's denial of extended visitation rights. The age of the children, the relationships between the libellee and the libellant's parents, perhaps even the suitability or availability of an adequate place for the children to stay with the libellee all are reflected in the findings and underlying evidence. Whatever the decisive factor may have been, it was a decision to be made by the trial court. Unless the decision can clearly be shown to be an unreasonable exercise of discretion, or untenably grounded, it is to be upheld here. *Lafko* v. *Lafko*, 127 Vt. 609, 619, 256 A.2d 166 (1969). This Court cannot assume to weigh such considerations in place of the trial court. *Davidson* v. *Davidson*, 111 Vt. 24, 28, 9 A.2d 114 (1939).

*Decree affirmed.*