## Murray K. Dunsmore and Martha S. Dunsmore v. Co-operative Fire Insurance Association of Vermont

[298 A.2d 853]

No. 106-72

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed December 5, 1972

*Robert H. Brown, Esq.,* St. Albans, for Plaintiffs.

*Donald D. Ferland, Esq.,* of *Conley & Foote,* Middlebury, for Defendant.

**Keyser, J.** The plaintiffs were issued a standard fire insurance policy covering farm property by the defendant company to which a so-called "Machinery Floater Form" was attached. By this form the movable farm machinery listed in the schedule of the policy was insured against loss or damage directly resulting from certain specified hazards. One such peril and the one with which we are concerned here reads as follows:

> "Collision or derailment or overturn of a vehicle while the insured property is being legally transported on a public highway."

The facts are undisputed. One item in the schedule of property covered by the policy was a Fergerson tractor. On August 1, 1966, the plaintiffs' son was driving the tractor from the driveway of plaintiffs' farm to the public highway. Upon turning off the driveway onto the highway, the operator was unable to straighten the wheels sufficiently so that the tractor continued turning and then crashed into and through the guard rail on the side of the bridge. The tractor then fell about fifteen feet into the brook below the bridge, landing right side up and breaking in two.

The plaintiffs brought suit to recover Seven Hundred Dollars ($700), the scheduled amount of insurance on the tractor. Plaintiffs' suit is based on the claim that the defendant company was liable under the terms of the Machinery Floater Form. The insurance company denied coverage and the case proceeded to trial by the court. The parties, by stipulation, requested the court to construe the language of the policy and declare their respective rights under the Machinery Floater Clause.

The trial court held that the damage to the tractor was covered by the clause in the policy: "Collision or derailment or overturn of the vehicle while the insured property is being legally transported on a public highway." Judgment was accordingly entered for the plaintiffs to recover Seven Hundred Dollars ($700) damages and costs from which order the defendant insurance company appealed.

The sole issue is whether, on the facts shown, the tractor was "being transported" in such a manner that the loss was brought under the coverage of the clause of the "Machinery Floater Form", above quoted. The pivotal point in the controversy centers around the construction of the word "transported" as used in the above-quoted clause in the "Machinery Floater Form".

A second rider was attached to the policy called "Livestock Floater Form" which insured livestock against death or destruction resulting from certain specified perils, one being—

> "Collision or derailment or overturn of the vehicle in which the insured property is being transported."

The appellees draw a contrast between the language of the two forms and from this they rationalize that the language of the clause in the "Machinery Floater Form" is ambiguous. This is the only reason cited in support of their claim of ambiguity. Thus, it would appear that if the "Livestock Floater Form" was not attached to the basic fire insurance policy the plaintiffs' contention of ambiguity would not be possible. These riders are unrelated to each other and express the contract agreement in each instance in clear, plain language. The mere fact that the "Machinery Floater Form" does not require transportation of the item of machinery in another vehicle as is the case in the "Livestock Floater Form" does not establish an ambiguity in the insurance contract as claimed.

In the absence of ambiguity, it is generally the function of the court only to construe and enforce the contract in accordance with the terms in which it is written, and not

make a new contract or change its provisions. 44 C.J.S. *Insurance* § 290.

In *Noyes* v. *Commercial Travelers,* 125 Vt. 336, 338, 215 A.2d 495 (1965), we held:

> "A contract of insurance is to be construed according to its terms and the evident intent of the parties as gathered from the language used. [Case omitted]. Like other contracts, they must receive practical, reasonable, and fair interpretations, consonant with the apparent object and intent of the parties, the language being strictly construed against the insurer, but not such as to deprive the insurer of the benefit of an unambiguous provision placed therein for its protection. [Cases omitted]."

■■ Words in a contract will be assigned their common meaning and usage where they can be sensibly applied to the subject matter. However, if the language of the instrument is clear and unambiguous its intent cannot be altered by evidence of extraneous circumstances, and in such situation the instrument is to be interpreted by its own language, and the understanding of the parties must be deemed to be that which their òwn written instrument declares. *Cross-Abbott* v. *Howards, Inc.,* 124 Vt. 439, 443, 207 A.2d 134 (1965).

In this posture of the case we reach the question of the meaning of the word "transported". This is not the first time that this Court has been called upon to construe the word "transported" as used in an insurance policy. In *Fish* v. *Nationwide Mutual Insurance Co.,* 126 Vt. 487, 492, 236 A.2d 648 (1967), this Court resorted to and adopted the definition from Webster's Third New International Dictionary, namely; "carried or moved from one person or place to another." This Court went on to say, "The sense conveyed to the ordinary man by 'transported' would be the carrying of an object from one locality to another locality, distant and different from the first."

"Transported" is the past participle of the verb "transport." In common language, "transport" embraces the conveyance from one place, locality, or country to another. In its ordinary acceptation it is defined as meaning to carry; to

convey; to transfer; to remove; to carry or convey from one place or station to another. 87 C.J.S. *Transport,* at 900, and cases there cited. In a general sense transportation means merely conveyance from one place to another. *People* v. *Martin,* 235 Mich. 206, 209 N.W. 87 (1926). In *Gloucester Ferry Co.* v. *Pennsylvania,* 114 U.S. 196, 5 S.Ct. 826, 828, 29 L.Ed. 158, 162 (1885), the court said: "Transportation implies the taking up of persons or property at some point, and putting them down at another."

Nowhere in the policy is there any express language or implication which signifies that the rider in question was to insure the tractor against loss or damage while being driven or operated on a public highway. To so interpret the floater form would be to convert it into an ordinary collision policy of a vehicle while being operated on the public highway. There is no intention shown by the language used that such a risk was either contemplated by the policy or intended to be undertaken by the company.

 The clause in question covers movable farm machinery while it is "being transported" on a public highway. This language clearly indicates that the policy was intended to insure any scheduled farm machinery being moved or conveyed on a public highway from one place to another by some means other than by being operated under its own power. Here, "transportation" connotes movement or conveyance by a force not provided by the machinery itself. A rational construction of the clause does not permit its application to the tractor as a highway vehicle.

 A term not expressly included will not be read into a contract unless it arises by necessary implication from the provisions of the instrument. *Cross-Abbott* v. *Howards, Inc., supra.* Here there is none.

*Judgment reversed. Judgment for defendant to recover its costs.*