## Barbara Lussier Allen v. George Douglas Allen

[315 A.2d 459]

No. 62-73

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed February 5, 1974

*Wool, Agel, Murdoch & Kittell,* Burlington, for Plaintiff.

*Swainbank, Gensburg & Morrissette,* St. Johnsbury, for Defendant.

**Shangraw, C.J.** The plaintiff-appellant was granted a divorce from the defendant in the Caledonia County Court on February 9, 1973. The primary issue in controversy relates to that portion of the decree which reads:

> 7. The real estate owned jointly by the parties is decreed to the defendant subject to the mortgage to Farmers Home Administration, which he shall assume and pay and hold the plaintiff harmless therefor, and upon the further condition that he shall pay to the plaintiff the sum of $2,000.00. Defendant shall have the right at his election to pay said sum in equal monthly installments over a period of two years from the date of this judgment together with interest at the rate of $7\frac{1}{2}\%$ per annum on the unpaid balance.

The parties were married on December 31, 1966. Prior to their marriage, the plaintiff had two children. One was born of her marriage with her previous husband, Jean Lussier. The father of the other child is Donald Cote.

On July 18, 1969, the defendant legally adopted these two children who now go by the name of John Leon Allen and Dawn Michelle Allen.

The parties separated on or about October 20, 1971. On October 27, 1971, the plaintiff brought the instant action. The complaint initially alleged intolerable severity on the part of the defendant. On February 1, 1973, the complaint was amended by adding a new ground by alleging that during the marriage the plaintiff has lived apart from her spouse for six consecutive months and the resumption of marital relations is not reasonably probable. The divorce was granted plaintiff on this latter ground.

Prior to the marriage of the parties, the defendant owned a snowmobile. After the marriage, he traded this snowmobile for a one-acre parcel of land in Waterford, Vermont. In August following the marriage defendant commenced construction of a dwelling house on this property. The foundation for the house was put in by a contractor. Defendant used his vacation time and time after work in the evening and on weekends to frame and roof the house with the assistance

of his brother and a neighbor. Defendant did all of the inside finish work himself. Plaintiff assisted in the erection of the house by "pounding some nails", as she refers to it, feeding the workmen, and running errands for material. The parties moved in at Christmas time in 1967.

At time of trial the house was about ninety per cent completed and encumbered with an outstanding construction mortgage in favor of Farmers Home Administration of about $9,000.00.

Defendant and Ernest Beguin, a real estate broker, valued the house, when fully completed, between $24,000.00 and $25,000.00. Mr. Beguin and another appraiser, Stephen Wheelock, valued the house, now ninety per cent completed, between $17,000.00 and $18,000.00.

Shortly after the divorce action was commenced, Donald Cote, the natural father of one of the two adopted children, became a regular visitor at the plaintiff's home overnight. This pattern has persisted on a daily basis ever since up to the date of trial.

The parties entered into a temporary stipulation during the pendency of the action providing for the payment of $30.00 per week as child support. This was followed by an order to this effect issued by a superior judge on January 14, 1972.

Defendant was unable to comply with the order because of outstanding bills and unemployment. When he regained employment in another state he immediately commenced sending the plaintiff $20.00 per week. At the time of the hearing, defendant was approximately $740.00 in arrears on the $30.00 per week order.

The care and custody of the two minor children, John and Dawn Allen, was awarded to the plaintiff. Defendant was ordered to pay the plaintiff for the support of the two children the sum of $20.00 per week. Defendant recognizes and concedes his obligation of continued support of the two minor children adopted by him.

The statute providing for the disposition of property of the parties is found in 15 V.S.A. § 751 and states that in granting a divorce the court

> shall decree such disposition of the property owned by the parties separately, jointly, or by the entirety, as

shall appear just and equitable, having regard to the respective merits of the parties, to the condition in which they shall be left by such divorce, to the party through whom the property was acquired and to the burdens imposed upon it for the benefit of the children. . . .

The division of property in a divorce case is a matter of discretion vested in the trial court. *Loeb* v. *Loeb*, 118 Vt. 472, 492, 114 A.2d 518 (1955). In divorce cases the court has wide discretion in making property awards. Unless it appears on review that such discretion has been withheld or abused, the decree as made must stand. *Wacker* v. *Wacker*, 114 Vt. 521, 49 A.2d 119 (1946); *Segalla* v. *Segalla*, 129 Vt. 517, 527, 283 A.2d 237 (1971).

The plaintiff-appellant seeks in this Court to have the order made below vacated and the cause remanded for a new trial. A motion for a new trial was made below pursuant to V.R.C.P. 59(a) which was denied.

During the proceedings below evidence was introduced as to the paternity of the children and the conduct of the appellant with Donald Cote after the complaint was filed.

Plaintiff first claims that under the provisions of 15 V.S.A. § 448 the defendant, by reason of his adoption of the two minor children, assumed the "rights, duties and obligations" of a natural parent. This is not controverted and, in fact, admitted by the defendant. Such is the statutory law.

With the foregoing premise in mind, plaintiff asserts that the admission of evidence as to the paternity of the two minor children, over objection, was error, and that the evidence in support of finding No. 4 irrelevant and prejudicial. The second sentence of this finding reads:

[O]ne of these children was born of her marriage with her previous husband, Jean Lussier, and the father of the other child is Donald Cote.

The court permitted the reception of testimony, over timely objection, as to the plaintiff's post-filing conduct with Donald Cote. When offered, and objected to, the court stated: "It has a bearing on the distribution of the equity of the property. . . ." Appellant urges that this evidence was not relevant urging that divorce and property settlement under current Vermont law are not dependent on the actions of any party

after the suit has been filed. She also claims that such evidence is in the nature of recrimination and should not have been permitted into the record by reason of 15 V.S.A. § 561 which provides that "Recrimination shall not constitute a defense or a bar to a libel for divorce."

Plaintiff-appellant also strikes at finding No. 21 as being irrelevant to the property disposition issue. This finding states:

> Because of this conduct on the part of the plaintiff and the fact that Donald Cote is the natural father of one of the children of the plaintiff which the defendant legally adopted, the Court finds that the equity in this case should be with the defendant.

In granting a divorce, 15 V.S.A. § 751 in part provides "the court shall decree such disposition of the property . . . as shall appear just and equitable, having regard to the respective merits of the parties. . . ." Plaintiff's position appears to be that in a so-called "no fault" divorce action, such as here, the "respective merits of the parties" on property disposition is irrelevant and inadmissible. It is interesting to note that the legislature, in enacting the "no fault" divorce statute, No. 264 of the Public Acts of 1969 (adj. sess.), left 15 V.S.A. § 751 in full force and effect.

Defendant's evidence on the paternity of the two adopted children, as well as the post-filing conduct of the plaintiff with Mr. Cote, was specifically limited to the question of property disposition. What is an appropriate disposition of property in divorce actions is governed by the principles of equity regardless of the grounds of divorce. A decision as to an equitable division of property is separate and apart from that portion of the decree which grants the divorce. The authority for the decree of property in this case is found in 15 V.S.A. § 751, and the standard governing its award is judicial.

The findings of fact reveal an up-to-date picture of the circumstances surrounding the parties. These include defendant's limited income and the determination made by the trial court that defendant was unable to continue making the weekly payment of $30.00 for child support and by its decree reducing this weekly payment to $20.00 in the future.

■ Further, the real estate in question was decreed to defendant subject to an outstanding mortgage of $9,000.00 and further conditioned that he pay the plaintiff $2,000.00. With all factors considered, as appears in the findings, we cannot say that the court's order decreeing the real estate to the defendant, subject to conditions imposed, is unjust, nor that by so doing the court abused its judicial discretion.

There is no dispute as to the propriety of the decree as it pertains to the custody of the minor children decreed to plaintiff, the order for their support of $20.00 weekly, or the division of certain personal property between the parties.

The trial court determined, in finding 16, that at the time of the hearing the defendant was approximately $740.00 in arrears on the temporary order. This is not reflected in the decree. Plaintiff claims that this finding compelled affirmative response in the decretal order and failure to so do requires a reversal.

■ By finding 17 the court found "that the defendant is financially unable at this time to pay $30.00 per week child support. . . ." Finding 14 recites that the defendant's monthly expenses are $310.00 plus additional expense for auto insurance and gasoline. Finding 13 states that the defendant has a net pay of $98.00 per week.

By its failure to order payment of the $740.00, it is obvious that the trial court acted upon the defendant's total financial situation by recognizing that he did not have the then present ability to make payment and did not require him to so do. Otherwise, from a consideration of the findings, it would have been a futile exercise.

Considering the circumstances we are disinclined to remand for affirmative action by the trial court on the arrearage and leave plaintiff to seek such relief on this subject as she may be advised to pursue.

There appears no reason to disturb the decree.

*Decree affirmed.*