**Francis R. Peisch v. Mary V. H. Peisch**
**Mary V. H. Peisch v. Francis R. Peisch**

[321 A.2d 67]

No. 11-74

Present: Barney, C.J., Smith, Keyser, Daley and Larrow, JJ.

Opinion Filed June 4, 1974

*McKee, Clewley & FitzPatrick,* Montpelier, for Francis R. Peisch.

*McNamara, Fitzpatrick, Sylvester, Farrell & Maley,* Burlington, for Mary V. H. Peisch.

**Smith, J.** Appellant, Francis R. Peisch, filed a complaint for divorce against the appellee, Mary V. H. Peisch, in Chittenden County Court on November 1, 1972. The appellee answered the complaint of the appellant and filed a counterclaim for divorce. Both complaints charged intolerable severity. A temporary hearing was held in the Chittenden County Court on August 15, 1973, and a temporary support order was made in accordance with the agreement of the parties. Both parties amended their respective complaints to allege as a further ground that they had lived separate and apart for six months and the resumption of marital relations was not reasonably probable.

The cause was heard by the Chittenden County Court on September 6, 1973, and findings of fact were filed on September 17, 1973. Both parties were granted a divorce and an appeal has been taken here by the appellant, Francis R. Peisch.

The issues on this appeal are raised on the objection of the appellant to those parts of the order which deal with alimony, child support and premium payment on life insurance policies.

The parties were married in 1946 and had a family of eight children. At the time of the hearing on the divorce complaints, all but three of such children were over the age of eighteen. Three children remained at the residence of the parties in Burlington, Vermont, in the custody of the appellee, twin girls, Ann and Elizabeth, then aged 17, but who have since reached 18 years of age, and a son, Andrew, who was 12 years of age at the time of the hearing.

The judgment order of the lower court decreed the homestead real estate of the parties to the appellee, and the cottage property owned by the parties to the appellant. The appellant was ordered to pay the mortgage encumbrance on the home property which amounts to some $16,500.00. Appellant was also ordered to maintain in full force and effect all life insurance and health insurance policies which were in effect at the time of hearing, with the appellee as prime beneficiary, and to pay $500.00 in counsel fees for the benefit of the appellee.

That part of the court order dealing with alimony and child support is found in No. 4 of the order:

> The Cross-Defendant Francis R. Peisch is ordered and directed to pay the Cross-Complainant Mary V. H. Peisch the sum of $1000.00 as alimony and the further sum of $500.00 to assist in the care and support of the three (3) minor children, for a total of $1,500.00 on October 1, 1973 and a like amount of $1500.00 on the first day of each and every succeeding month thereafter until the youngest of said three (3) minor children (Andrew) reaches the age of 18 years, enters the armed forces, becomes self supporting, marries or dies, whichever event shall occur the sooner. Thereafter and upon the happening of one of the above event [*sic*] said monthly installments shall be reduced to $1000.00 and shall continue until the Cross-Complainant remarries or dies.

Considering first the brief of the appellant to that part of the order of the lower court which concerns the payment of insurance premiums the objections raised seem to be that the

appellant had to borrow on the cash surrender value of the various policies to pay the premiums due on them, and, second, that there was no evidence as to the premium amounts involved. However, premium amounts were set forth by the appellant in his Defendant's Exhibit D.

The lower court had before it evidence as to the gross and net income of the appellant for a period of years, with his net income for the year 1972, after taxes, being $33,019.81. Although the appellant estimated that his income for the year 1973 might be less than in 1972, the lower court found no believable evidence to that effect in the absence of supporting figures.

Also before the lower court was evidence, in detail, on the real estate owned by the parties, the various expenses of the household in the past, as well as what would be the necessary expenses of the appellee to maintain a home for herself and minor children in the house which was decreed to her. The evidence was uncontested that the appellee had a very minor income of her own, including a small salary received for working at a library. Undisputed was the fact that the appellee did not have the training to procure any position that would provide her with any substantial supplemental income in addition to the alimony awarded her by the order of the lower court.

The disposition of property in granting a divorce is governed by 15 V.S.A. § 751:

> In granting a divorce from bed and board, or an absolute divorce, or a decree annulling a marriage, upon petition of either party, the court shall decree such disposition of the property owned by the parties separately, jointly, or by the entirety, as shall appear just and equitable, having regard to the respective merits of the parties, to the condition in which they shall be left by such divorce, to the party through whom the property was acquired and to the burdens imposed upon it for the benefit of the children. Such decree when affecting title to real estate shall be recorded in the land records of the town wherein such real estate is situated and shall be effective to convey or encumber the title to such real estate as indicated in such decree, subject to all prior encumbrances.

The matter of division of property in a divorce case is a matter of discretion vested in the trial court. Unless it appears on review that such discretion has been withheld or abused, the decree as made must stand. *Segalla* v. *Segalla*, 129 Vt. 517, 527, 283 A.2d 237 (1971).

What is an appropriate disposition of property in divorce actions is governed by the principles of equity regardless of the grounds of divorce. A decision as to an equitable division of property is separate and apart from that portion of the decree which grants the divorce. *Allen* v. *Allen*, 132 Vt. 182, 315 A.2d 459, 462 (1974).

Without the necessity of going into details, the record makes evident that although the divorces were granted on the ground of having lived separate and apart for a period of six months, it was appellant's actions and conduct which precipitated the divorce proceedings which he originally brought.

■ What appellant is really saying in this appeal is that the order of the lower court awarded to the appellee more in alimony and support payments than he considers equitable under the financial circumstances shown by the record. But, in divorce cases, the court has wide discretion in making property awards. Unless it appears on review that such discretion has been withheld or abused the decree as made must stand. *Wacker* v. *Wacker*, 114 Vt. 521, 49 A.2d 119 (1946). No showing has been made in this case that the lower court abused or withheld its discretion. It follows that the order of property division and alimony is affirmed.

■ However, the appellant also complains that the child support order made by the lower court was in error. This order, as we have seen, imposes upon the appellant the duty of providing the sum of $500.00 per month for the support of the then three minor children of the parties, with such payments to continue until the youngest of the three children has attained the age of 18, enters the armed forces, becomes self-supporting, marries or dies. We think that this point is well taken.

The record established that two of such minor children, the twin girls, reached the age of 18 in February, 1974. The

age of majority in Vermont was then controlled by 1 V.S.A. § 173 which provides that:

> Persons of eighteen years of age shall be considered of age and until they attain that age, shall be minors.

As we stated in *West* v. *West,* 131 Vt. 621, 624, 312 A.2d 920 (1973):

> [J]udicial authority to make or revise orders concerning children of divorced parents is limited to the period of minority of those children.

Here the judicial authority of the lower court was obviously exceeded in ordering a sum of money to be paid by the libellant for three minor children, until the youngest of the three is of age or otherwise emancipated, although two of the three children for which the lump sum payments of support were to be made have become of age. This part of the judgment order of the lower court must be reversed and remanded for further consideration.

*The judgment order is affirmed except as to that part of the order providing for support for two of the children of the parties beyond their minorities, and as to that part, judgment is reversed and the cause is returned to the Chittenden County Court for a new judgment order, in accordance with the views expressed in this opinion.*