### Lorine C. Romano v. John C. Romano

[340 A.2d 63]

No. 87-74

Present: **Barney, C.J., Smith, Keyser, Daley and Larrow, JJ.**

Opinion Filed April 1, 1975

Motion for Reargument Denied May 22, 1975

*Sullivan & McCaffrey*, Rutland, for Plaintiff.

*John C. Romano*, Montpelier, *pro se.*

**Barney, C.J.** In response to modification petitions from both plaintiff-wife and defendant-husband, a hearing was had below to review the custody and support order in their 1973 divorce case. The divorce had been granted without any contest by the defendant. The order in question was not based on any stipulation. As a result of the review, the defendant's requests for modification were denied and the monthly support payment was increased to $500.00. The defendant appeals.

At the time of the divorce and subsequent to it, the defendant was employed at a salary sufficient to comply with a monthly support order for the children of $435.00. His wife had been awarded the family house and custody of the four minor children, then ranging in age from about seven to twelve years.

The defendant had also embarked in a program of acquiring a legal education outside of his employment hours, which he has more than half completed. It is his expressed intention and desire to cease work to complete his legal education so that he may sooner embark on his new profession. This will inevitably make it impossible for him to comply with either the present or the previous support order.

Two differently constituted trial courts have, at different times, passed on the defendant's request that he be excused from the required support obligation in order to finish his legal studies. Both have found that making such a drastic change in his earning powers, in the face of his duty to provide for his children, would jeopardize the welfare of those children, and could not be accepted as a good faith change. The existence of facts indicating a deliberate sacrificing of income in order to

reduce a support obligation is condemnable. *Miller* v. *Miller*, 124 Vt. 76, 81, 197 A.2d 488 (1963). Such a determination by the trial courts is peculiarly within their responsibility and is entitled to great, if not controlling, weight.

The defendant counters this by contending that if the house and custody of the children were returned to him he would be entirely able to carry out his responsibilities to his children, without having to give up his dream of becoming a lawyer. The responsibilities of begetting a family many times raise havoc with dreams. Nevertheless, the duty persists, with full authority in the State to enforce it. *See Beaudry* v. *Beaudry*, 132 Vt. 53, 312 A.2d 922 (1973).

Moreover, it is the function of the trial court to render the decisions as to the measure and manner of implementing that duty of support. That judgment is seldom easy or simple, since it usually involves the apportioning of inadequate resources among constantly increasing needs. But it is for the trial court to make, to be disturbed or remanded by this Court only in the presence of legal error or the absence of factual support for the result. *Breznick* v. *Breznick*, 127 Vt. 80, 81, 238 A.2d 643 (1968).

In this case the original order was made when the defendant was earning about $17,000.00 a year, and the upward revision when his earnings were $18,500.00. The facts unquestionably establish plaintiff's change for the worse, between inflation and her loss of employment. All these play a part in support of the lower court.

█ Regrettably, there are aspects of the order that require reconsideration. The first is that the order does not provide for a proportionate reduction in support as each child reaches majority. *West* v. *West*, 131 Vt. 621, 624, 312 A.2d 920 (1973). Also, the order is unclear as to the measure of the defendant's obligation. It speaks of a monthly payment, but requires it every four weeks. Over the course of a year, the four-weekly requirement measures out to thirteen payments, while a monthly payment amounts to but twelve a year. These matters require clarification.

█ Since the case must be sent back, some comments are in order. The order under review speaks of "bad faith", with reference to the defendant's expressed intent to give up his job and study law. If this had in fact occurred, such a finding

would be within the proper province of the court. But, as far as any record before us demonstrates, this has not happened, and if the amendment of the support order rested on that consideration, it is unsupported. However, according to information in the record furnished this Court, not yet available to the lower court, the defendant has taken a new job, this time in Vermont, at the lower salary of $15,000.00. In reviewing the amended order, this fact, if still persisting, should be taken into account, both as affecting the defendant's ability to pay, as well as to his good faith in changing positions. Thus, in essence, the remand can and should encompass the entire scope of the defendant's support obligations, past, present, and future, in the light of all pertinent facts.

*Order modifying paragraph two of the divorce order dated January 29, 1973, is reversed, and the cause is remanded for further proceedings not inconsistent with the opinion.*