## Margery Z. Cleary v. Gerald P. Cleary

[353 A.2d 334]

No. 144-75

Present: Barney, C.J., Smith, Daley, Larrow and Billings, JJ.

Opinion Filed February 4, 1976

*Paul, Frank & Collins*, Burlington, for Plaintiff.

*Wool and Murdoch*, Burlington, for Defendant.

**Barney, C.J.** This is a divorce case. At issue on appeal is the lower court's order in favor of the libelant and the five children of the marriage. Findings of fact were waived. The libelee now claims that, since the evidence is that the present order effectively gives his former wife all but $22.78 per week of his $893.05 monthly salary for her alimony and support for her and the children, the order is an abuse of discretion on its face, even without findings.

The libelant makes the point that the action of the trial court must be accepted by the libelee, since findings were waived. She asserts that the court's order is within the bounds of its broad discretion and should not be disturbed in this

Court, citing *Peisch* v. *Peisch*, 132 Vt. 514, 321 A.2d 67 (1974).

Gleaning a general picture of the facts in the case from the arguments of counsel, briefs and record, we find the family, before the divorce, to have consisted of the husband, the wife and five children ranging in age from seven to thirteen. The husband was employed as a mathematics teacher at Champlain Valley Union High School. At the time of the hearing, his monthly take-home pay was $893.05. Two years prior to the divorce he had been engaged, with partners, in a swimming pool business. In that year the additional income had raised his gross annual income, which apparently included inventory growth, to $20,000, including his teaching salary. For some reason not clear in the record, the business was liquidated, and the libelee's share consisted of some $3,000 worth of inventory.

The parties also had three certificates of deposits of $1,000 each accumulated during the marriage. The lower court ordered that these three certificates be held in trust by the parties for the children, and that the libelee acquire two more, presumably from the inventory when sold, and also put those two in trust for the children.

The libelant was a teacher at the time of the marriage, but with her family responsibilities, had not been employed for some fourteen years. At the time of the hearing she was taking courses to get the necessary credits to be eligible for a teaching position. The funds for these courses were borrowed from her family.

█ It is the rule expressed in many of our cases that the trial court has wide discretion in determining child support and alimony payments in divorce cases. See, e.g., *Wacker* v. *Wacker*, 114 Vt. 521, 49 A.2d 119 (1946); *Raymond* v. *Raymond*, 120 Vt. 87, 96, 132 A.2d 427 (1957) ; *Segalla* v. *Segalla*, 129 Vt. 517, 527, 283 A.2d 237 (1971). This discretion is not unlimited, however, and if it is made to appear to the reviewing court that it has been improperly exercised or its bounds have been exceeded, corrective action is appropriate. Furthermore, where there is a shortage or absence of findings and the result on its face appears to be unsupportable, this Court is justified in remanding for clarification and support.

*Cooper* v. *Cooper,* 132 Vt. 619, 622, 326 A.2d 145 (1974) ; *van-Loon* v. *vanLoon,* 132 Vt. 236, 241, 315 A.2d 866 (1974).

█ That is the situation in this case, even though the support award may be an accurate reflection of basic need. On its face, that support and alimony order appears to be inequitable and perhaps impossible of compliance, in view of the available resources, contrary to 15 V.S.A. § 751. It is suggested on appeal that the trial court was applying the standards of *Culver* v. *Culver,* 133 Vt. 191, 332 A.2d 799 (1975) or *Romano* v. *Romano,* 133 Vt. 314, 340 A.2d 63 (1975) relating to a voluntary reduction in earning capacity. Without findings to that effect, the issue is in doubt. It is not sufficiently present in the evidence to justify a presumption, and it is not for this Court, in any event, to weigh such considerations in place of the trial court. *Wetmore* v. *Wetmore,* 129 Vt. 583, 586, 285 A.2d 711 (1971).

The libelant would bind the libelee to the order because of his failure to request findings. The shortage of findings which perhaps could demonstrate that the property disposition in favor of the libelant was not inequitable and unfair is equally attributable to the libelant's failure to request them. In order that the matter may be fairly resolved, we will remand the matter for rehearing and the preparation of findings notwithstanding the provisions of V.R.C.P. 52. Upon hearing, the trial court will also prepare a judgment order with respect to the child support, alimony, and property disposition as is supportable under the findings of fact.

*So much of the judgment order as relates to alimony, child support, and property disposition between the parties is reversed, and the cause is remanded for further proceedings in accordance with the views expressed in the opinion; neither party to recover costs in this Court.*