### Edna M. Graham v. Richard D. Graham

[409 A.2d 571]

No. 174-79

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed November 5, 1979

*Robert J. Kurrle,* Montpelier, for Plaintiff.

*Samuel C. FitzPatrick,* Montpelier, for Defendant.

**Billings, J.** This case arises by reason of a divorce decree granted plaintiff-appellee by the Washington Superior Court. Defendant-appellant appeals only that portion of the order dealing with support and maintenance for the minor children and payments in connection with the maintenance of the homeplace of the parties.

On the basis of an affidavit which both parties agree erroneously set forth facts leading the trial court to find plaintiff's estimated monthly expenses to be $1,030.97, rather than $845.37, the trial court ordered the defendant to pay support for the two minor children of $100.00 per week per child. These payments would continue until such time as the plaintiff was employed, at which time the support payments would

be reduced to $75.00 per week per child. It also ordered that the defendant pay the maintenance, mortgage, tax and insurance expenses, as well as one-half of the reasonable and necessary capital improvements of the homeplace of which the plaintiff would have exclusive possession until the youngest child, now two and one-half years of age, reached majority. The evidence disclosed that the total support payments ordered amounted to $12,990 per year. It also indicated that the defendant's total income before taxes was $14,000 per year, and that his net income after tax and social security deductions was less than the support payments ordered.

On appeal, the defendant cites the computation errors and the fact that the support payments ordered exceed his income, and claims thereby that the findings are clearly erroneous under V.R.C.P. 52(a). Moreover, he claims that the trial court abused its discretion to a clearly unreasonable extent. *Whitcomb* v. *Whitcomb*, 137 Vt. 11, 12, 398 A.2d 305 (1979).

A decree, based on findings that both parties concede are supported by erroneous mathematical computations, is "clearly erroneous." V.R.C.P. 52(a); *Cooper* v. *Cooper*, 132 Vt. 619, 621–22, 326 A.2d 145, 146–47 (1974). The cause must be reversed and remanded for corrective action.

A trial court has wide discretion in granting child support and maintenance payments. 15 V.S.A. § 292. This discretion is not unlimited, and, if it appears that it has been improperly exercised or its bounds have been exceeded, corrective action is appropriate. *Cleary* v. *Cleary*, 134 Vt. 181, 182, 353 A.2d 334, 335 (1976). Although the support award may be an accurate reflection of the basic needs of the spouse and children, on its face the order appears to be impossible of compliance. *Id.* at 183, 353 A.2d at 336. Here the trial court found that the defendant could obtain additional work but did not choose to do so. This fact may have led the trial court to believe that the award was not impossible under the rule in *Miller* v. *Miller*, 124 Vt. 76, 81, 197 A.2d 488, 492 (1963). See also *Romano* v. *Romano*, 133 Vt. 314, 317, 340 A.2d 63, 64 (1975). Both cases permit the court to award

child support which cannot be reduced by limitations on the defendant's income producing ability resulting from his own voluntary conduct. However, *Cleary* requires both a finding that this condition exists, and a finding that the awarded support is not impossible of performance, given the nature of the additional employment which the defendant could obtain. *Supra,* 134 Vt. at 183, 353 A.2d at 336. On remand the trial court should reconsider its award.

*So much of the judgment order as relates to child support and house maintenance is reversed and cause remanded for further proceedings in accordance with the views expressed herein. Neither party to recover costs in this Court.*