### Margaret Bancroft v. Michael Ackerman

[421 A.2d 1279]

No. 282-79

Present: **Barney, C.J., Daley, Larrow, Billings and Hill, JJ.**

September 8, 1980

*Mark J. Keller*, Chittenden County State's Attorney, *Sandra L. Baird*, Deputy State's Attorney, and *Nancy Goss Sheahan* (On the Brief), Burlington, for Plaintiff.

*David Watts* and *Daniel Albert* (Law Clerk on the Brief), Vermont Legal Aid Inc., Burlington, for Defendant.

**Per Curiam.** This case involves a claim for child support under U.R.E.S.A., 15 V.S.A. §§ 385–428. The defendant father appeals an order compelling payments of $10 per week to the plaintiff for the support of their child on the ground that there was insufficient evidence of his ability to make the payments.

The meager record below indicates that the only evidence introduced at hearing was the defendant's testimony that he had income from a part-time janitorial job which was insufficient to meet his modest fixed expenses for rent, utilities, transportation, clothing and food, and that he had sought and failed to find additional employment in locations to which he could arrange transportation from his remote Monkton home. There was no evidence of a willing failure to continue in employment with compensation sufficient to permit child support payments or even a rejection of available new employment. The trial court, however, noted that there were plenty of well-paying janitorial jobs advertised in the newspapers and that any healthy young man could obtain such a job if he wanted to do so.

Absent findings this Court will review the record to ascertain whether the order is supportable. *Quazzo* v. *Quazzo*, 136 Vt. 107, 113, 386 A.2d 638, 642 (1978). Where it is not supportable, the order will not stand. *Romano* v. *Romano*, 133 Vt. 314, 316, 340 A.2d 63, 64 (1975).

In reviewing the record, this Court will disregard facts which have been improperly noted by the trial court, where there is no support for them in the record. The trial court's observation that there were plenty of jobs available through newspaper advertisements is not supported by the record, but appears to be of the court's own injection into the case.

"If the court was operating on a theory of judicial notice of any of these things, it was in error since controverted facts, [here the availability of suitable employment for the defendant] not matters of common knowledge, were involved." *Vermont National Bank* v. *King*, 135 Vt. 551, 552, 382 A.2d 210, 211 (1977) (citations omitted). See also, *Martin* v. *Shepard*, 134 Vt. 491, 495, 365 A.2d 971, 974 (1976).

■■ As part of her case, the plaintiff must show that the defendant is under a duty to pay child support. See, e.g., *Mancini* v. *Mancini*, 136 Vt. 231, 234, 388 A.2d 414, 416 (1978.) The "[d]uties of support applicable under [U.R.E.S.A.] are those imposed under the laws of any state where the obligor was present for the period during which support is sought." 15 V.S.A. § 395. Under Vermont law, which governs the instant case, a parent's duty of support is conditioned on his ability to pay. See *Graham* v. *Graham*, 137 Vt. 542, 409 A.2d 571 (1979). Therefore, not only must the plaintiff establish the existence of the support obligation generally, she must meet her burden of establishing the fact that the "circumstances of the obligor," (which the petition for support should address, 15 V.S.A. § 399(a)), are such that the defendant obligor has sufficient pecuniary or physical ability to meet the support payments sought.

■ Excluding the information improperly noticed by the trial court, it would appear from the record that the defendant is unable even to maintain himself at a bare subsistence level without incurring relatively substantial debts. Since there was no evidence introduced by the plaintiff indicating that the defendant could have obtained but voluntarily declined additional suitable employment, as in *Romano* v. *Romano, supra*, 133 Vt. at 317, 340 A.2d at 64, and *Miller* v. *Miller*, 124 Vt. 76, 81, 197 A.2d 488, 492 (1963), the support order below appears to be practically impossible of performance. *Graham* v. *Graham, supra*, 137 Vt. at 543, 409 A.2d at 572; *Cleary* v. *Cleary*, 134 Vt. 181, 183, 353 A.2d 334, 336 (1976). The plaintiff failed to meet her burden.

*The order of the District Court of Vermont, Unit No. 2, Chittenden Circuit, dated June 14, 1979, is vacated.*