2004 VT 28

## Nermin HAJDAREVIC v. AGWAY INSURANCE COMPANY

[850 A.2d 991]

No. 03-229

¶ 1. March 29, 2004. Plaintiff, who was injured in an automobile accident involving a tractor, appeals from the superior court's summary judgment ruling that the farmowners policy issued to the owners of the tractor did not cover the accident. We affirm.

¶ 2. The facts are undisputed. Walter and Mary Churchill own and operate a farm in Derby, Vermont. Walter's brother, Melvin Churchill, owns and operates a separate farm in the same town. On December 3, 1999, Melvin borrowed a tractor from his brother to transport hay from another property to his farm. That day, while driving the tractor, Melvin was involved in an accident with another vehicle driven by plaintiff. Plaintiff sued Melvin and eventually entered into agreement for judgment assigning to plaintiff any and all claims that he might have against defendant Agway Insurance Company, which had issued Walter and Mary Churchill a farmowners insurance policy. Plaintiff then sued Agway, seeking to collect the $270,000 in damages found by the superior court. In response to the parties' competing motions for summary judgment, the court entered judgment for Agway, concluding that the policy in question did not cover the accident. Plaintiff appeals that judgment.

¶ 3. The controlling provision is contained within one of the "Incidental Coverages" of the Churchills' "Farmowners Personal Policy":

5. Motorized Vehicles — "We" pay for the "bodily injury" or the "property damage" which:

a. occurs on the "insured premises" and is a result of the ownership, maintenance, use, loading, or unloading of:

1) a "motorized vehicle" if it is not subject to "motor vehicle" registration because of its type or use; or

2) a "recreational motor vehicle."

b. results from:

1) a golf cart while used for golfing purposes;

2) a utility, boat, camp, or mobile home trailer, except when the trailer is carried on, is towed by, or is attached to a "motor vehicle" or a "recreational motor vehicle;" or

3) a "motorized vehicle" which is *designed only* for *use off public roads* and which is used mainly to service the "insured premises." However, this coverage does not apply to "bodily injury" or "property damage" which results from a "motorized vehicle" owned by the "insured," other than a golf cart, while used for recreational purposes away from the "insured premises."

c. results from an "insured's" use of a "recreational motor vehicle" which is not owned by an "insured."

(Emphasis added.)

¶ 4. The parties agree that the controlling provision is 5.b.3). Thus, like the trial court, we must determine whether the Churchills' tractor is "designed only for use off public roads." See *White v. Quechee Lakes Landowners' Ass'n*, 170 Vt. 25, 28, 742 A.2d 734, 736 (1999) (we apply same summary judgment standard as trial court). If it is, coverage exists; if it is not, no coverage exists. The trial court granted summary judgment to Agway after examining (1) the tractor's owner's manual, which included several sections discussing how to operate the vehicle on public roads and what equipment to use when operating the vehicle on public roads, see *Hanson v. North Star Mut. Ins. Co.*, 71 F. Supp. 2d 1007, 1011-12 (D.S.D. 1999) (examining owner's manual to determine whether all-terrain vehicle was "designed only for use off public roads"), and (2) Vermont law, which allows limited use of tractors on public highways without being subject to a registration fee. 23 V.S.A. § 370. The trial court concluded that the controlling clause unambiguously excluded the Churchills' tractor because it was not "designed only for use off public roads."

¶ 5. Plaintiff concedes that the owner's manual presumes use of the tractor on public roads, but nevertheless contends that a reasonable farmer purchasing insurance would presume that the language in question covered injuries or damages resulting from the use of a farm tractor. According to plaintiff, when read as a whole, the policy was plainly intended to provide broad liability coverage to the Churchills for damages related to their farming equipment and operations. Therefore, in plaintiff's view, the Churchills reasonably expected that the policy would provide coverage for damages caused by their tractor even when it was being used away from their farm by another person. See *State Farm Mut. Auto. Ins. Co. v. Roberts*, 166 Vt. 452, 461, 697 A.2d 667, 672 (1997) ("The reasonable expectations of the parties are important in considering the scope of coverage provided in insurance contracts because such contracts, largely adhesive in nature, often contain boilerplate terms that are not bargained for, not read, and not understood by the insureds."). Plaintiff further contends that the word "designed" is ambiguous, and thus the clause in question must be construed favorably to the insured; otherwise, the policy would cover injuries resulting from the use on public roads of vehicles not designed for such use, but would deny coverage for injuries resulting from the use on public roads of vehicles that were designed for such use.

¶ 6. We conclude that the superior court's construction of the controlling provision is sound. See *Coop. Fire Ins. Ass'n of Vt. v. Bizon*, 166 Vt. 326, 333, 693 A.2d 722, 727 (1997) (trial court's reasonable construction of insurance policy will be sustained on appeal). While we recognize that any ambiguities in the policy must be construed against the insurer, we agree with the trial court that the provision in question is not ambiguous. See *Towns v. Vt. Mut. Ins. Co.*, 169 Vt. 545, 546, 726 A.2d 65, 67 (1999) (mem.) (before applying rule of construction that language of insurance contract must be strictly construed against insurer, we must first conclude that provision at issue is ambiguous). The provision is reasonably susceptible to only one meaning — that the policy covers injuries or damages arising from the use of a motorized vehicle designed *only* for off-road use and used mainly to service the premises, but there is no incidental coverage for motorized vehicles that do not meet either one of the two criteria. See *id.* ("generally ambiguity exists if language is reasonably or fairly susceptible to

different interpretations"); see also *Bizon*, 166 Vt. at 333, 693 A.2d at 727 ("An insurance policy must be interpreted according to its terms and the evident intent of the parties as expressed in the policy language.").

¶ 7. This construction is not absurd, as plaintiff contends. It is hardly surprising that a farmowners policy aimed at insuring farm operations would limit liability under its "Incidental Coverages" section for injuries or damages resulting from the operation of motorized vehicles that are routinely operated on public roads. Indeed, plaintiff's construction of the provision in question would effectively convert the Churchills' farmowners policy into an automobile liability policy. Cf. *Dunsmore v. Co-op. Fire Ins. Ass'n of Vt.*, 131 Vt. 14, 18, 298 A.2d 853, 855 (1972) (adopting insured's construction of word "transported" in rider would convert fire insurance policy into automobile liability policy). Here, the trial court reasonably construed the provision at issue, and further reasonably relied upon the owner's manual and Vermont law in determining that the tractor was not a motorized vehicle "designed only for use off public roads." None of the dictionary definitions of the word "designed" suggests otherwise. See *Towns*, 169 Vt. at 546, 762 A.2d at 67 (mere existence of dispute over proper interpretation of insurance policy does not automatically render language ambiguous). Finally, the fact that the record does not indicate whether the Churchills' tractor had been properly equipped to operate on public roads does not bring into doubt our conclusion that the tractor was not "designed" only to be used off road.

*Affirmed.*